IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-77-D
No. 4:19-CV-17-D

| | | |
|---|---|---|
| JOEY OSCAR AUSTIN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On January 29, 2019, Joey Oscar Austin, Jr.("Austin") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 110-month sentence [D.E. 40]. On April 24, 2019, the government moved to dismiss Austin's motion [D.E. 48] and filed a memorandum in support [D.E. 49]. On that same date Austin moved to supplement his section 2255 motion [D.E. 51]. On May 21, 2019, Austin responded to the government's motion to dismiss [D.E. 52]. On June 1 and July 24, 2020, Austin moved for compassionate release [D.E. 54, 56]. As explained below, the court grants Austin's motion to supplement, grants the government's motion to dismiss, dismisses Austin's motion to vacate, denies Austin's motion to appoint counsel, and denies Austin's motions for compassionate release.

I.

On February 22, 2016, pursuant to a written plea agreement [D.E. 31], Austin pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of heroin and a quantity of cocaine [D.E. 30, 45]. On May 26, 2016, the court held Austin's sentencing hearing and calculated Austin's advisory guideline range to be 110 to 137 months' imprisonment. See

Sentencing Tr. [D.E. 44] at 1–7. After considering all relevant factors under section 3553(a), the court sentenced Austin to 110 months' imprisonment. See id. at 14–22. Austin did not appeal.

In Austin's section 2255 motion, he alleges (1) that his plea is unconstitutional in light of the Fourth Amendment and Carpenter v. United States, 138 S. Ct. 2206 (2018); (2) that because of Carpenter, his section 2255 motion is timely under 28 U.S.C. § 2253(f); and (3) actual innocence. See [D.E. 40] at 5–12. In his motion to supplement, Austin cites Garza v. Idaho, 139 S. Ct. 738 (2019), and contends that he should be able to supplement his motion to claim that he asked his counsel to appeal, but that his counsel refused to do so. See [D.E. 51-1] at 1–2.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

2

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). If a defendant appeals his judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the time period for filing a petition for a writ of certiorari expires. See Clay v. United States, 537 U.S. 522, 527 (2003).

On June 7, 2016, the court entered Austin's judgment of conviction. See [D.E. 37]. Austin did not appeal. Under Clay, Austin's judgment became final on June 7, 2017. See, e.g., Clay, 537 U.S. at 527. Austin, however, did not file his section 2255 motion until January 29, 2019 [D.E. 40]. Thus, Austin's section 2255 motion and the supplement are untimely under section 2255(f). Moreover, Carpenter is not retroactive on collateral review. See In re Symonette, No. 19-12232-F, 2019 U.S. App. LEXIS 20428, at *4 (11th Cir. July 9, 2019); In re Baker, No. 18-15095-C, 2019 WL 3822305, at *1 (11th Cir. Jan. 9, 2019); United States v. Davis, No. 1:13-CR-28, 2019 WL 1584634, at *2 (M.D. Pa. Apr. 12, 2019) (unpublished). Likewise, Garza is not retroactive on collateral review. See In re Sanchez, No. 19-11288-B, 2019 U.S. App LEXIS 13242, at *4 (11th Cir. May 1,

3

2019); Edwards v. United States, No. 3:19-CV-293-NJR, 2020 WL 1975077, at *3–4 (S.D. Ill. Apr. 24, 2020) (unpublished); Moreno v. United States, No. 19C6752, 2020 WL 291392, at *2 (N.D. Ill. Jan. 21, 2020) (unpublished); Espinal v. United States, No. 08-CR-242, 2020 WL 264918, at *3–4 (E.D.N.Y. Jan. 17, 2020) (unpublished); United States v. McGee, No. 5:16-95-DCR, 2019 WL 4248887, at *2 (E.D. Ky. Sept. 6, 2019) (unpublished). Austin could have timely filed a section 2255 claim based on counsel's alleged failure to file a notice of appeal. See, e.g., Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished). Furthermore, Austin has not plausibly alleged that any governmental action prevented him from timely filing a motion or supplement, that his motion or supplement are based on a right newly recognized by the Supreme Court, or that his motion or supplement are based on facts that he could not have discovered earlier by exercising due diligence. Accordingly, the court dismisses Austin's section 2255 motion and supplement as untimely under section 2255(f).

Alternatively, Austin's plea agreement contains an appellate waiver. See [D.E. 31] at ¶ 2(c). In the waiver, Austin agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Austin's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United

States v. Blick, 408 F.3d 162, 168–69 (4th Cir. 2005). Austin's Carpenter and innocence claims fall within the appellate waiver. Accordingly, the waiver bars the claims.

Alternatively, Austin procedurally defaulted his Carpenter and innocence claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Austin from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Moreover, Austin has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 493–95 (1999). Thus, the claims fail.

After reviewing the claims presented in Austin's motion and supplement, the court finds that reasonable jurists would not find the court's treatment of Austin's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As for Austin's request for appointment of counsel, no constitutional right to counsel exists in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Austin has adequately set forth his claims. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Austin's motion for appointment of counsel.

II.

Austin seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1). In support, Austin relies on the COVID-19 pandemic, his status as an African-American, and having hypertension and being "pre-diabetic". See [D.E. 54, 55, 56].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious

6

deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor

7

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(I). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and

---

child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Initially, the court assumes without deciding that Austin has exhausted all administrative remedies, or alternatively that the warden received Austin's compassionate release request and 30 days have elapsed from receipt. See 18 U.S.C. § 3582(c)(1)(A). As for the medical condition of the defendant policy statement, Austin has not stated that he suffers from any medical condition from which he is not going to recover. Cf. [D.E. 54, 56]. Accordingly, releasing Austin or reducing Austin's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that Austin's medical conditions coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Austin's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Between 2013 and February 3, 2015, Austin was accountable for distributing 367 grams of heroin and 793 grams of cocaine. See Presentence Investigation Report ("PSR") [D.E. 33] at ¶¶ 10–16. Austin directed the activities of at least three other individuals. See id. Moreover, Austin has a lengthy criminal history, including convictions for possession of marijuana (three counts), possession of cocaine, gambling, possession of drug paraphernalia (two counts), driving while impaired (two counts), resisting a public officer (two counts), selling or delivering a counterfeit controlled substance, and possession with intent to sell and deliver cocaine. See id. at ¶¶ 22–37. Austin also has not done well on supervision. See id. at ¶¶ 22–24, 26, 29, 30–33, 35–36. The court also has considered Austin's positive steps while incarcerated, but those steps do not warrant release. Cf. Pepper v. United States, 562 U.S. 476, 491 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section

9

3553(a) factors, Austin's arguments, and the need to punish Austin for his criminal behavior, to incapacitate Austin, to promote respect for the law, to deter others, and to protect society, the court declines to grant Austin's motions to be released. See, e.g., Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

III.

In sum, the court GRANTS Austin's motion to supplement [D.E. 51], GRANTS the government's motion to dismiss [D.E. 48], DISMISSES Austin's section 2255 motion [D.E. 40] and Austin's supplement [D.E. 51], DENIES a certificate of appealability, DENIES Austin's motion to appoint counsel [D.E. 55], and DENIES Austin's motions to reduce sentence [D.E. 54, 56].

SO ORDERED. This 13 day of August 2020.

JAMES C. DEVER III
United States District Judge